IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LESLIE-BURL McLEMORE; CHARLES HOLMES; JIMMIE ROBINSON, SR.; and RODERICK WOULLARD,<br><br>        Plaintiffs,<br><br>   v.<br><br>DELBERT HOSEMANN, in his official capacity as the Mississippi Secretary of State; and PHILIP GUNN, in his official capacity as the Speaker of the Mississippi House of Representatives,<br><br>        Defendants. | Civil Action<br><br>Case No. 3:19-cv-383-DPJ-FKB |

## **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, through their attorneys, respectfully ask this Court to issue a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, enjoining Defendants Delbert Hosemann, in his official capacity as the Mississippi Secretary of State, and Philip Gunn, in his official capacity as the Speaker of the Mississippi House of Representatives, from enforcing Sections 140, 141, and 143 of Article V of the Mississippi Constitution (the "Challenged Provisions"). Plaintiffs allege that the Challenged Provisions violate the Fourteenth and Fifteenth Amendments of the U.S. Constitution and Section 2 of the Voting Rights Act. The grounds for this Motion are set forth fully in the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction and in the accompanying declarations and exhibits.

In support of their Motion, Plaintiffs assert as follows:

1.     In the aftermath of Reconstruction and ratification of the Fifteenth Amendment, the framers of the Mississippi Constitution expressed a desire to undermine the political influence of

African Americans and entrench white control in the State government. To that end, they enacted the Challenged Provisions, which transformed the statewide electoral procedure from a simple plurality requirement to a multi-step system requiring a candidate for statewide, state-level office to win both a majority of the popular vote ("Popular-Vote Rule") and a majority of the State House of Representative districts ("Electoral-Vote Rule"), and if no candidate obtains both majorities, requiring the House to determine the winner of the election ("House-Vote Rule").

2. The Challenged Provisions, which were enacted with discriminatory intent, collectively violate the Fourteenth and Fifteenth Amendments to the U.S. Constitution, as well as Section 2 of the Voting Rights Act, by impairing African American voting strength and denying African Americans an equal opportunity to participate in the political process.

3. Additionally, the Electoral-Vote Rule is unconstitutional because it ensures that votes in some House districts will either be discarded or afforded unequal weight in violation of the Fourteenth Amendment Equal Protection Clause's one-person, one-vote principle.

4. Mississippi's next general election for statewide offices will take place on November 5, 2019, and, absent injunctive relief, votes cast by Plaintiffs (along with other African-American voters in the State) will be diluted or Plaintiffs may even be denied entirely the opportunity to select their statewide officeholders. Moreover, voters throughout the State will suffer from the unequal weight assigned to their votes by the Electoral-Vote Rule.

5. All factors to be considered weigh heavily in favor of issuing a preliminary injunction. First, Plaintiffs are likely to succeed on the merits of their claims, as it is clear that the Challenged Provisions were enacted for the explicit purpose of diluting African-American voting strength in Mississippi; each provision operates to impair African American voting strength and deny African Americans an equal opportunity to elect their candidates of choice; and the Electoral-

Vote Rule discards and assigns unequal weight to votes cast in the same election. Second, Plaintiffs will suffer irreparable harm in the form of vote dilution and the denial of an equal opportunity to elect candidates of their choice in the upcoming 2019 election if the preliminary injunction is not granted. The serious injuries to Plaintiffs' rights under the Fourteenth and Fifteenth Amendments and Section 2 of the Voting Rights Act significantly outweigh any harm to the State that would be caused by injunctive relief in this case. Finally, an injunction is unquestionably in the public interest, as it would ensure that eligible African-American voters have an equal opportunity to elect candidates of their choice to statewide office in the 2019 election and prevent vote dilution.

5. In support of this Motion, Plaintiffs submit their Memorandum of Law, and accompanying exhibits, addressing all necessary elements for the entry of a preliminary injunction.

WHEREFORE, for the reasons set forth in this Motion, the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction, and in the accompanying exhibits, listed below, Plaintiffs respectfully move this Court to preliminarily enjoin the enforcement of the Challenged Provisions, and require Defendants to declare, as the winner of each contest for statewide, state-level office, the candidate who receives the highest number of votes.

1) Exhibit 1 – Declaration of Dr. R. Volney Riser

2) Exhibit 2 – David H. Jackson, *Segregation*, in Mississippi Encyclopedia

3) Exhibit 3 – William A. Mabry, *Disenfranchisement of the Negro in Mississippi*, 4:3 J.S. HIST. 318, 320 (1938)

4) Exhibit 4 – J. S. McNeilly, *History of the Measures Submitted to the Committee on Elective Franchise, Apportionment, and Elections in the Constitutional Convention of 1890*, in PUBLICATIONS OF MISS. HISTORICAL SOCIETY, Vol. VI, 133 (1902)

5) Exhibit 5 – Laughlin McDonald, *The Majority Vote Requirement: Its Use and Abuse in the South*, 17 URB. LAWYER 429, 429 (1985)

6) Exhibit 6 – Rebecca B. Morton, *Majority Requirements and Minority Representation*, 63 N.Y. UNIV. ANN. SURV. AM. LAW 691, 692 (2008)

7)  Exhibit 7 – Declaration of Dr. Jonathan Rodden

8)  Exhibit 8 – Mississippi Secretary of State, *Electoral Vote Assignment: 2015 Statewide General Election*

9)  Exhibit 9 – Center for Social Inclusion: A Project of the Tides Center, Education Inequity in Mississippi (2003)

10) Exhibit 10 – Archives at Tuskegee Institute, *Lynching, Whites & Negroes, 1882-1968* (2010)

11) Exhibit 11 – Geoff Pender, *GOP Senate Candidate Tells African-Americans: Stop 'Begging for Federal Government Scraps,'* USA TODAY (Sept. 14, 2018)

12) Exhibit 12 – Caleb Bedillion, *Hyde-Smith Deflects Questions About 'Public Hanging' Comments*, DAILY JOURNAL (Nov. 12, 2018)

13) Exhibit 13 – Megan Keller, *Ex-Kasich Aide Accuses Trump of 'Racist' Language About Black Dem Candidate*, THE HILL (Nov. 27, 2018)

14) Exhibit 14 – David Lieb, *Divided America: Minorities Missing in Many Legislatures*, AP (June 16, 2016)

15) Exhibit 15 – Jimmie E. Gates, *Black Political Influence in Mississippi Has Slowed Despite Increase in Elected Officials*, CLARION-LEDGER (Aug. 19, 2017)

May 30, 2019                                     Respectfully submitted,

/s/ *Robert B. McDuff*
Robert B. McDuff, MSB 2532
Email: rbm@mcdufflaw.com
767 North Congress Street
Jackson, MS  39202-3009
Telephone: (601) 969-0802
Fax: (601) 969-0804

Beth L. Orlansky, MSB 3938
Email: borlansky@mscenterforjustice.org
MISSISSIPPI CENTER FOR JUSTICE
P.O. Box 1023
Jackson, MS  39205-1023
Telephone: (601) 352-2269
Fax: (601) 352-4769

Marc E. Elias*
Email: MElias@perkinscoie.com
Uzoma N. Nkwonta*
Email: UNkwonta@perkinscoie.com
Jacki L. Anderson*
Email: JackiAnderson@perkinscoie.com
K'Shaani Smith*
Email: KShaaniSmith@perkinscoie.com
Daniel C. Osher*
Email: DOsher@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

*Counsel for Plaintiffs*

**Pro Hac Vice* Application Pending

## **CERTIFICATE OF SERVICE**

I certify that the foregoing has been served on the defendants through the Office of the Attorney General of the State of Mississippi.

/s/ *Robert B. McDuff*
Robert B. McDuff, MSB 2532
Email: rbm@mcdufflaw.com
767 North Congress Street
Jackson, MS  39202-3009
Telephone: (601) 969-0802
Fax: (601) 969-0804